# IN THE
## COURT OF CRIMINAL APPEALS OF TEXAS
### No. _____

24927-74

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 20 2015
Abel Acosta, Clerk

TRIAL COURT(S) CAUSE NO(S):
1. CAUSE NO. 91-281-C, 54TH DISTRICT COURT, McLENNAN CO., TX., STATE V. ALTSCHUL, 5 YEAR SENTENCE FOR THEFT OVER $750;
2. CAUSE NO. 23,557, 23RD DISTRICT COURT OF BRAZORIA CO. TX., STATE V. ALTSCHUL, 15 YEAR SENTENCE CONSECUTIVE TO CAUSE NO. 91-281-C ABOVE FOR DEADLY WEAPON IN PENAL INST.;
3. CAUSE NO. 26,672, 23RD DISTRICT COURT OF BRAZORIA CO. TX., STATE V. ALTSCHUL, 20 YEAR SENTENCE CONSECUTIVE TO CAUSE NO. 23,557 ABOVE FOR AGGRAVATED ASSAULT;
4. CAUSE NO. 26,673, 23RD DISTRICT COURT OF BRAZORIA CO. TX., STATE V. ALTSCHUL, 20 YEAR SENTENCE CONSECUTIVE TO CAUSE NO. 23,557 ABOVE FOR DEADLY WEAPON IN PENAL INST.

---

## EX PARTE TODD WARREN ALTSCHUL, APPLICANT

---

## MOTION FOR LEAVE TO FILE
## ORIGINAL APPLICATION FOR WRIT OF HABEAS CORPUS
PURSUANT TO RULE 72.1. TEX. R. APP. PROC.

---

### AND

---

## ORIGINAL APPLICATION FOR WRIT OF HABEAS CORPUS
PURSUANT TO RULE 72.2. TEX. R. APP. PROC. & TEX. CONST. ART. V, § 5.

---

TO THE HONORABLE JUDGES OF SAID COURT:

## I.

THIS IS THE VERY FIRST TIME THE GROUNDS RAISED HAVE EVER BEEN PRESENTED.

THIS ORIGINAL APPLICATION FOR WRIT OF HABEAS CORPUS IS PROPER BEFORE THIS COURT AS A ORIGINAL PROCEEDING BECAUSE THE APPLICANT IS COMPLAINING OF FOUR DIFFERENT CONVICTIONS THAT ARE CONSECUTIVE FROM TWO DIFFERENT COUNTIES IN WHICH THE PAROLE BOARD IS VIOLATING 37 TEX. ADMN. CODE § 145.4(a) BY TREATING THE ABOVE LISTED CONSECUTIVE SENTENCES AS A SINGLE SENTENCE FOR PURPOSES OF PAROLE. APPLICANT CONTENDS THAT FILING A APPLICATION FOR WRIT OF HABEAS CORPUS UNDER ART. 11.07 V.A.C.C.P., ON ALL 4 CONVICTIONS IN 2 DIFFERENT DISTRICT COURTS ARGUING THE SAME GROUNDS WOULD BE A WASTE OF JUDICIAL RESOURCES AND ECONOMY AND COULD PRODUCE DIFFERENT TRIAL COURT FINDINGS OF FACT & CONCLUSIONS OF LAW.

THE APPLICANT IS ALSO ARGUING THAT THE TDCJ-RECORDS OFFICE REFUSES TO PROPERLY COMPUTATE THE APPLICANTS ABOVE 4 CONSECUTIVE SENTENCES IN A APPROVED MANNER OF METHODS THIS COURT SET OUT IN EX PARTE WICKWARE - 853 S.W. 2d. 571 AT 573-74 [TEX. CR. APP. 1993].

APPLICANT ARGUES THAT THE PAROLE BOARD IS ILLEGALY DENYING MANDATORY SUPERVISION ON HIS LAST SENTENCE OF THE CONSECUTIVE SERIES WHICH IS MANDATORY SUPERVISION ELIGIBLE DUE TO OFFENSE DATE OF 9-9-1992 AND IS ILLEGALY APPLYING RETROACTIVE THE STATUTE § 508.149 TEX. GOV'T. CODE TO DENY MANDATORY SUPERVISION TO APPLICANTS MS ELIGIBLE SENTENCE.

AND ARGUES THAT THE PAROLE BOARD HAS NO SET PROCEDURES THAT ALLOWS AS A CONDITION OF A PAROLE PLAN FOR THE APPLICANT TO BE RELEASED ON PAROLE TO HIS FEDERAL DETAINERS FOR FEDERAL PRISON SENTENCES WHICH IN EFFECT CAUSES NO PAROLE FOR THE APPLICANT.

1.

## II.

\* <u>GROUND NO. 1</u>: PAROLE BOARD VIOLATING APPLICANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW BY VIOLATING 37 TEX. ADMN. CODE §145.4 (a) ... BY TREATING APPLICANT'S CONSECUTIVE SENTENCES AS A SINGLE SENTENCE FOR PURPOSES OF PAROLE. THE STATUTE PROVIDES;

"<u>RULE 145.4 – POLICY STATEMENT RELATING TO FELONY</u>
<u>CONSECUTIVE SENTENCES.</u>

(a). <u>A PAROLE PANEL MAY NOT TREAT CONSECUTIVE</u>
<u>SENTENCES AS A SINGLE SENTENCE FOR</u>
<u>PURPOSES OF PAROLE.</u>";

APPLICANT SHOWS IN THE APPENDIX A RECENT TDCJ INMATE TIMESLIP THAT CLEARLY SHOWS A SINGLE SENTENCE OF 40 YEARS. <u>SEE APPENDIX 1.</u> THIS SINGLE 40 YEAR TDCJ SENTENCE IS BASED ON THE FOLLOWING CONSECUTIVE SENTENCES:

\* 5 YRS. - CAUSE #91-281-C
15 YRS. - CAUSE # 23557 (CONSECUTIVE TO CAUSE #91-281-C)
20 YRS. & 20 YRS. - CAUSE # 26672 &# 26673 (CONSECUTIVE TO CAUSE # 23,557)
TOTAL : 40 YRS.

THE TDCJ HAS THE APPLICANT DOING A SINGLE 40 YEAR SENTENCE BASED ON THESE CONSECUTIVE SENTENCES WHICH HAS CAUSED THE PAROLE BOARD TO TREAT HIS CONSECUTIVE SENTENCES AS A SINGLE 40 YEAR SENTENCE. THIS VIOLATES SEC. 508.150 TEX. GOV'T CODE.

\* <u>GROUND NO. 2</u>: THE TDCJ - RECORDS OFFICE IS VIOLATING APPLICANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW BY REFUSING TO PROPERLY COMPUTE THE APPLICANT'S 4 ABOVE CONSECUTIVE SENTENCES IN A APPROVED MANNER OF METHODS THIS COURT SET OUT IN <u>EX PARTE WICKWARE -</u>
<u>853 S.W. 2d. 571 AT 573-74 [TEX. CR. APP. 1993]</u>.
AS SHOWN IN <u>APPENDIX 1</u> THE TDCJ RECORDS OFFICE HAS COMBINED ALL HIS CONSECUTIVE SENTENCES INTO A SINGLE 40 YEAR SENTENCE STARTING FROM APPLICANTS FIRST 5 YEAR SENTENCE IN CAUSE #91-281-C SENTENCE BEGIN DATE. APPLICANT ARGUES THAT THIS IMPROPER METHOD OF TREATING ALL HIS CONSECUTIVE SENTENCES AS A SINGLE SENTENCE HAS CAUSED THE PAROLE BOARD TO TREAT HIS CONSECUTIVE SENTENCES AS A SINGLE **SENTENCE** WHICH AS ARGUED IN \*<u>GROUND NO. 1</u> VIOLATES 37 TEX. ADMN. CODE §145.4 (a) & SEC. 508.150 TEX. GOV'T. CODE. ALL APPLICANT'S SENTENCES WERE COMMITTED AFTER 1987.

*GROUND NO. 3: THE PAROLE BOARD IS VIOLATING APPLICANT'S CONSTITUTIONAL DUE PROCESS LIBERTY INTEREST RIGHTS BY REFUSING TO SET A MANDATORY SUPERVISION DATE FOR HIS LAST SENTENCE IN THE CONSECUTIVE SERIES CAUSE NO. 26,673, 20 YEARS, DEADLY WEAPON IN PENAL INST., 23RD. DISTRICT COURT OF BRAZORIA CO., TX.

APPLICANT ARGUES THAT THIS OFFENSE WAS COMMITTED ON SEPT. 9, 1992 AND IS MANDATORY SUPERVISION ELIGIBLE. THIS COURTS EX PARTE RUTHART DECISION PROVIDES THAT MANDATORY SUPERVISION WILL ONLY BE GRANTED TO THE LAST SENTENCE IN A CONSECUTIVE SERIES IF THAT OFFENSE IS ELIGIBLE. THE OFFENSE OF DEADLY WEAPON IN PENAL INST. IS NOT A OFFENSE LISTED IN SEC. 508.149(a) TEX. GOV'T. CODE THAT IS NON-MANDATORY ELIGIBLE. APPLICANT IS LEGALY ENTITLED TO NON-DISCRETIONARY MANDATORY SUPERVISION ON CAUSE #26,673. SEE 37 TEX. ADMN. CODE §141.111 (18).

APPLICANTS PROJECTED RELEASE DATE AS SHOWN IN THE TDCJ INMATE TIME SLIP IS 01-05-2029 WHICH IS HIS MAXIMUM EXPIRATION DATE! IF THE TDCJ & PAROLE BOARD WERE PROPERLY APPLYING MANDATORY SUPERVISION TO HIS LAST SENTENCE - CAUSE #26,673, THEN PER 37 TEX. ADMN. CODE §141.111 (29), THE TDCJ INMATE TIME SLIP WOULD SHOW A MINIMUM RELEASE DATE SET FOR THE MANDATORY SUPERVISION ELIGIBLE OFFENSE.

FURTHER §508.149(a) TEX. GOV'T. CODE DOES NOT ALLOW RELEASE TO DISCRETIONAL MANDATORY SUPERVISION IF THE INMATE IS SERVING OR HAS BEEN CONVICTED OF A OFFENSE LISTED IN §508.149(a). THE APPLICANT HAS A AGGRAVATED ASSAULT CONVICTION - CAUSE #26672 THAT HAS NO DEADLY WEAPON FINDING AND WAS COMMITTED ON SEP. 21 1992 WHICH WAS WELL BEFORE §508.149 STATUTE BECAME EFFECTIVE. APPLICANT ARGUES THAT THE PAROLE BOARD CAN NOT APPLY §508.149 RETROACTIVE TO DENY HIM MANDATORY SUPERVISION ON CAUSE #26,673 WHICH IS MANDATORY SUPERVISION ELIGIBLE DUE TO OFFENSE DATE OF 9-9-1992 AND IS THE LAST SENTENCE OF THE CONSECUTIVE SERIES.

APPLICANT ARGUES THAT NO CASE LAW OR STATUTE ADDRESSES THIS SPECIFIC ISSUE RAISED WHERE THE LAST SENTENCE IN A CONSECUTIVE SERIES IS MANDATORY ELIGIBLE BUT THE PAROLE BOARD REFUSES IT BASED ON A PRIOR SENTENCE THAT IS NOT MANDATORY ELIGIBLE AND THE PAROLE Bd. IS IMPROPERLY USING §508.149(a) AS REASON TO DENY MS

(CONTINUED)

WHEN ALL APPLICANT'S SENTENCES WERE COMMITTED IN 1991 & 1992 AND § 508.149 WAS NOT EFFECTIVE UNTIL 1996. THIS COURT SHOULD HEAR THIS ISSUE TO RESOLVE THIS PROBLEM WITH CONSECUTIVE SENTENCES COMPUTATION

\* <u>GROUND NO. 4</u>: APPLICANT ARGUES THAT THE PAROLE BOARD IS VIOLATING HIS DUE PROCESS RIGHTS BY HAVING NO SET PROCEDURES, RULES OR STATUTES UNDER CHPT. 508 TEX. GOV'T. CODE OR 37 TEX. ADMN. CODE... THAT PROVIDES AS A CONDITION OF PAROLE PLAN THAT THE OFFENDER BE RELEASED ON PAROLE TO A FEDERAL DETAINER TO SERVE CONSECUTIVE FEDERAL SENTENCE. THIS IS CAUSING NO PAROLE FOR APPLICANT!

THE APPLICANT WAS CONVICTED IN FEDERAL COURT IN 2004 OF ASSAULT WHICH 120 MONTH SENTENCE WAS CONSECUTIVE TO HIS TDCJ SENTENCES. SEE <u>U.S. V. ALTSCHUL 116 FED. APPX. 482 [5TH. CIR. 2004]</u>. A DETAINER WAS PLACED WITH TDCJ & PAROLE BOARD BY THE U.S. MARSHAL'S SERVICE FOR THIS FEDERAL SENTENCE.

APPLICANT ARGUES THAT THIS FEDERAL DETAINER HAS DETRIMENTAL EFFECTS AND IS PREVENTING APPLICANT FROM PAROLING TO SERVE THIS FEDERAL SENTENCE AS SHOWN. APPLICANT UNDERSTANDS THAT HE HAS NO RIGHT TO PAROLE AND THE TEXAS CONSTITUTION AUTHORIZES THE LEGISLATURE TO ESTABLISH A PAROLE SYSTEM. TEX. CONST. ART IV, § 11.

APPLICANT ARGUES THAT THE PAROLE BOARD HAS GUIDELINES AND RULES THAT ALLOWS OFFENDERS TO BE RELEASED ON PAROLE IF A PAROLE PLAN IS APPROVED. THE OFFENDER MUST WORK IF ELIGIBLE AND REPORT TO A PAROLE OFFICER, etc... ALL OF WHICH THE APPLICANT CAN NOT DO IF HE'S PAROLED TO A FEDERAL PRISON. THE PAROLE BOARD CAN PAROLE A OFFENDER AFTER COMPLETION OF NUMEROUS TYPES OF REHABILITATION PROGRAMS OUTLINED IN 37 TEX. ADMN. CODE - § 145.12 (4), (C), (D), (E), (F), (G), (H), (I), (J)... HOWEVER ALL THESE PROGRAMS DO NOT ALLOW A OFFENDER TO PARTICIPATE IN IF THE OFFENDER HAS A STATE, FEDERAL OR IMMIGRATION DETAINER.

NO PAROLE PLAN UNDER THE PAROLE RULES PROVIDES FOR PAROLE TO A DETAINER. THIS VIOLATES DUE PROCESS AND OR EQUAL PROTECTION OF LAW AS ALL OTHER INMATES NOT SERVING LIFE WITH NO PAROLE ARE ELIGIBLE FOR PAROLE.

APPLICANT ARGUES THAT THE STATUTES HE WAS CONVICTED UNDER ALLOWS PAROLE. SO FOR THE PAROLE BOARD TO REFUSE APPLICANT PAROLE BECAUSE OF A DETAINER VIOLATES DUE PROCESS OF LAW & EQUAL PROTECTION CLAUSE.

THIS COURT SHOULD HEAR THIS EXTRAORDINARY ISSUE.

# RELIEF

WHEREFORE, PREMISES CONSIDERED, APPLICANT REQUEST THAT THIS COURT:

1). GRANT THE MOTION FOR LEAVE.

2). ISSUE A REMAND ORDER FOR THE 4 TRIAL COURTS TO DEVELOPE EVIDENCE ON THIS ISSUE UNDER EX PARTE REYNA - 701 S.W.2d.921 (TEX.CR.APP.1986).

3). GRANT THIS ORIGINAL APPLICATION FOR WRIT OF HABEAS CORPUS AND ORDER THE:

(i). PAROLE BOARD TO STOP TREATING APPLICANTS CONSECUTIVE SENTENCES AS A SINGLE SENTENCE WHICH CURRENTLY VIOLATES 37 TEX. ADMN. CODE - §145.4(G);

(ii). TDCJ-RECORDS OFFICE TO START PROPERLY COMPUTATING APPLICANT'S CONSECUTIVE SENTENCES IN ONE OF THE APPROVED METHODS OUTLINED IN EX PARTE WICKWARE - 853 S.W.2d. 571, 573-74 (TEX.CR.APP. 1993);

(iii). PAROLE BOARD TO CALCULATE A MANDATORY SUPERVISION DATE FOR CAUSE NO. 26,673 20 YR. SENTENCE.

(iv). PAROLE BOARD TO ADOPT A PROCEDURE, RULE THAT ALLOWS A OFFENDER'S PAROLE PLAN TO INCLUDE RELEASE TO A DETAINER.

RESPECTFULLY SUBMITTED:

TODD W. ALTSCHUL
TDCJ NO. S86467
TELFORD UNIT
3899 STATE HWY. 98
NEW BOSTON, TX. 75570
APPLICANT

STATE OF TEXAS          §
COUNTY OF BOWIE         §

## VERIFICATION OATH

I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE AND FOREGOING STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

SIGNED THIS 15TH DAY OF OCTOBER, 2015.

_Todd Altschul_
TODD W. ALTSCHUL
APPLICANT


## CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING DOCUMENT WAS SERVED TO THE:
* STATE PROSECUTING ATTORNEY
AUSTIN, TX. 78711 ;

* DISTRICT ATTORNEY - MCLENNAN CO., TX.
501 WASHINGTON AVE.
WACO, TX. 76710 ;

* DISTRICT ATTORNEY - BRAZORIA CO., TX.
111 E. LOCUST ST. - SUITE 408-A
ANGLETON, TX. 77515 ;

... BY U.S. MAIL, POSTAGE PREPAID, ON THIS 15TH DAY OF OCTOBER, 2015

_Todd Altschul_
TODD W. ALTSCHUL
APPLICANT

ALTSCHUL,TODD WARREN              TDC:00586467 SID:04355116 UNIT: TO
                                 HOUSING/BED:          12CE2    65

*PRJ-REL-DATE:       01 05 2029      MAX-EXP-DATE:       01 05 2029
*INMATE STATUS:      LI W            MAX TERM:           40 00 00

FLAT  TIME CREDITED:   24 03 29      CALC BEGIN DATE:    03 14 1991
GOOD  TIME CREDITED:    2 05 05      TDC RECEIVE DATE:   05 30 1991
BONUS TIME CREDITED:    0 00 00      GOOD TIME LOST:            870
WORK  TIME CREDITED:    1 01 21      WORK TIME LOST:              0
*TOTAL TIME CREDITED:  27 10 25


*STATUS EFFECT  DATE: 07 14 2015    JAIL GOOD TIME RECEIVED: YES

DEC: GME0339  QCC: MBL1332

STAT CHG: L1/07 14 2015


APPENDIX 1